675 A.2d 1115

IN THE MATTER OF GARY LESSER, AN ATTORNEY AT LAW.

May 22, 1996.

## ORDER

The Disciplinary Review Board on January 30, 1996, having filed with the Court its decision concluding that **GARY LESSER** of **BUDD LAKE,** who was admitted to the bar of this State in 1969, and who has been temporarily suspended from practice by consent since October 26, 1993, should be suspended from the practice of law for a period of one year, for violation of *RPC* 1.15(a) (commingling of personal and client trust funds and failure to safeguard client property), *Rule* 1:21–6 and *RPC* 1.15(d) (willful disregard of recordkeeping responsibilities), *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate with client) and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having further concluded that prior to reinstatement respondent should provide proof of his satisfactory completion of eight hour of courses in accounting for attorneys and eight hours of courses in professional responsibility, and that on reinstatement respondent should be required to submit to the Office of Attorney Ethics for a period of two years annual certified audits prepared by an accountant approved by the Office of Attorney Ethics;

And good cause appearing;

It is ORDERED that **GARY LESSER** is hereby suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to practice respondent shall submit proof of his satisfactory completion of eight hours of courses in accounting for attorneys and eight hours of courses in professional responsibility; and it is further

ORDERED that on reinstatement respondent shall for a period of two years and until further Order of the Court, submit to the Office of Attorney Ethics annual certified audits of his attorney business and trust accounts prepared by an accountant approved by the Office of Attorney Ethics; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.